## McQUAIN v McQUAIN

Ohio Appeals, 9th Dist, Summit Co

Decided May 25, 1937

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for appellee.

Carl M. Myers, Akron, for appellant.

### OPINION

By DOYLE, J.

This is an appeal on questions of law from the Court of Common Pleas, division of domestic relations, of Summit county, Ohio. The action in the court below was for divorce and alimony; and, ancillary thereto, a restraining order was prayed for.

The trial court, after a hearing on the application of the plaintiff there in, Fannie M. McQuain, for an allowance of temporary alimony, appointed a receiver for the defendant's properties. The appellant,.

Okey W. McQuain, defendant in the Court of Common Pleas, complains that the appointment of the receiver was prejudicial error and affected a substantial right.

The sole question presented is the right of the trial judge to appoint a receiver in this action.

This court entertains jurisdiction on the theory that the appointment of a receiver is an order which affects "a substantial right made in a special proceeding" within the meaning of §12223-2, GC, and, as such, is a judgment which may be reviewed on error, or, in the language of the recently enacted Appellate Procedure Act, on questions of law. **Forest City Investment Co. v Haas, 110 Oh St, 188, 143 N. E., 549.**

It appears from the petition that the plaintiff therein, appellee in this court, charged the appellant with various acts of misconduct, and predicated her action for divorce and alimony upon the statutory grounds of gross neglect of duty and extreme cruelty. The petition further stated that "they held the legal title" to nine different properties, from which rent was obtained, and that the appellant "has also been conducting a coal business at the Nottingham coal yard, which has proven very lucrative and which business has a substantial sum in outstanding accounts," and further that the appellant "is operating two rented farms adjacent to the farm of the parties hereto in Portage county, wherein the parties have an investment and income."

The petition prayed that upon final hearing plaintiff "be granted a divorce; that she be granted both temporary and permanent alimony for the support of herself and minor children; that she be granted the custody of said minor children; that the defendant be forthwith enjoined and restrained without notice from mortgaging, encumbering, giving away, selling, destroying or in any way disposing of his property or the property of the parties hereto, both real and personal, of every kind and description wheresoever located; that he be enjoined and restrained forthwith, without notice, from collecting the rents on said properties and any outstanding coal bills or other accounts owing to him or the parties hereto; that he be ordered to vacate the home premises at number 175 Pioneer street Akron, Ohio, forthwith without notice, and be restrained from molesting or interfering with this plaintiff or said minor children, and such other and further relief as is just and proper."

The court, after the filing of the petition, granted the restraining order prayed for without notice and before service of summons upon the defendant. No complaint is made concerning the order of injunction in this action at this time. Subsequently, the plaintiff applied to the court for "an allowance of temporary alimony for the support of herself and minor children."

Upon this application the court conducted a hearing, and the defendant was the sole witness. His testimony was given on cross-examination; and while he was describing in detail his various properties and his business, the court interrupted the examination with the following comment:

"The more I hear, the more I think a receiver ought to be appointed, it's the only fair way to both parties, only fair to the court a receiver be appointed and I am going to designate a receiver. * * *

"I am therefore willing to designate as coreceivers Mr. Giffen and Russell Thomas with the boy designated as the managing officer. There will be filed a statement of all the assets and liabilities as of Tuesday, the 13th day of April and then Mr. Giffen and Mr. Russell Thomas named as coreceivers, and then, after everything has been paid by the receivers, they will maintain the properties, pay the taxes, debts and make arrangements to pay insurance, etc.

"Fifty per cent of his wages will be paid to her for the support of the children, and each three months fifty per cent of the amount of money that the receivers have on hand, not subject to claims for insurance or upkeep, or such other charge, will be paid to her and fifty per cent to him. In other words a fifty-fifty split of all income, from whatever source derived."

Following this hearing the court reduced to a formal order by way of journal entry substantially the verbal order quoted above. The receivers are now in possession of the properties.

The cause of action set forth in the petition is for divorce and alimony alone, and the fact that a restraining order was requested does not change the nature of the action. The Legislature of this state has specifically provided for restraining orders under proper circumstances and for the allowance of alimony pendente lite. §§11996 and **11994, GC.**

The petition states a cause of action solely authorized by statute, and nothing contained therein can be interpreted as being of an equitable or chancery nature.

The courts of Ohio have been long committed to the rule that, in divorce and alimony proceedings, the power of the court to award alimony is controlled entirely by statute, and it has no authority to exercise general equity powers in such actions. It is further established that "proceedings in alimony were not chancery cases within the meaning of our present Constitution, and that the incidental relief by way of injunction did not convert the character of the proceeding into one of chancery jurisdiction." Durham v Durham, 104 Oh St 7, at page 9, 135 NE 280. And see Marleau v Marleau, 95 Oh St 162, 115 NE 1009, and DeWitt v DeWitt, 67 Oh St 340, 66 NE 136.

The appointment of receivers is authorized by §11894, GC, and in Ohio is governed by statute. Forest City Investment Co. v Haas, supra. And at no place in the code section is there authority for such an appointment as was made in the instant case, unless it can be argued that Subsection 6 permits it. That part of the aforesaid section is as follows:

"A receiver may be appointed by the Supreme Court or a judge thereof, the Court of Appeals, or a judge thereof in his district, the Common Pleas Court, or a judge thereof in his district, or the Probate Court, in causes pending in such courts respectively, in the following cases: * * *

"6. In all other cases in which receivers heretofore have been appointed by the usages of equity."

In view of the rule set out in Durham v Durham, Marleau v Marleau, and DeWitt v DeWitt, cited supra, divorce and alimony actions are strictly actions at law, and the liberal language of the statute, "the usages of equity," has no application.

It is possible that, in the same petition and coupled with an action for divorce and alimony, a distinct action in equity could be pleaded and the equitable powers of the court invoked; but such is not this case.

We therefore rule that in a simple action for divorce, alimony and injunctive relief, authorized exclusively by the statutes of Ohio, the equity powers of the court are not invoked, and the appointment of a receiver to take charge of the property of the litigants is not authorized.

It has been argued that the case of Antonia Questel v Nicholas and John Questel, Wright (Ohio), 492, is authority for the proposition that a receiver can be appointed in an action for divorce and alimony, and various digests have erroneously indicated that such is the rule in Ohio.

A careful reading of that case will disclose the fact that it was not one for divorce and alimony, but actually was a case in chancery asking that a fraudulent conveyance be set aside and a receiver appointed pending the decision. It is true that the case was directly connected with another case between Anonia Questel and Nicholas Questel which is reported in Wright (Ohio), at page 491, and which was for divorce and alimony; however, the fact remains that there were two separate and distinct actions, one at law and the other in equity.

For the foregoing reasons, the judgment of the Court of Common Pleas is reversed and the receivers are discharged.

Judgment reversed.

WASHBURN, J, concurs.

STEVENS, PJ, having, in previous litigation between the same parties, represented one of the parties hereto, did not participate in the hearing of this case.