DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment granting a divorce to Bryan D. Adams, plaintiff below and appellee herein, and Nancy Maria Adams, defendant below and appellant herein.
 {¶ 2} Appellant assigns the following errors for review and determination:
 FIRST ASSIGNMENT OF ERROR:
"THE REFUSAL OF THE LOWER COURT TO AWARD ALIMONY IS IN CONTRAVENTION OF R.C. 3105.18, AND THEREFORE CONSTITUTES AN ABUSE OF DISCRETION."
SECOND ASSIGNMENT OF ERROR:
"THE LOWER COURT'S REFUSAL TO MAKE AN IMMEDIATE DISTRIBUTION OF THE PARTIES PENSION, [. . .]"
 {¶ 3} The parties married on November 19, 1977.[1] On July 29, 2005, appellee filed a complaint that alleged gross neglect and incompatibility, and requested a divorce and property rights "settlement." Appellant denied the allegations and, several months later, counterclaimed for divorce on grounds of gross neglect of duty, extreme cruelty and adultery. She requested an equitable division of assets and spousal support.
 {¶ 4} At the November 21, 2005 hearing, both parties testified about their assets, income and financial situations. On December 12, 2005, the trial court granted the divorce, awarded no spousal support, and ordered appellee's pension to be divided equally at appellee's retirement under a Qualified Domestic Relations Order("QDRO"). This appeal followed.
 I {¶ 5} Appellant asserts in her first assignment of error that the trial court erred by failing to award her spousal support. We disagree with appellant.
 {¶ 6} R.C. 3105.18(B) permits trial courts to award reasonable spousal support when appropriate. To determine whether spousal support is reasonable and appropriate, courts must consider the factors set forth in the statute:
"a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
(c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
(g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
(l) The tax consequences, for each party, of an award of spousal support;
(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
(n) Any other factor that the court expressly finds to be relevant and equitable."
Additionally, it is well settled that trial courts enjoy broad discretion in determining spousal support issues. Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83; Cherry v.Cherry (1981) 66 Ohio St.2d 348, 421 N.E.2d 1293. Consequently, trial court decisions will not be reversed on appeal absent an abuse of discretion. Bechtol v. Bechtol (1990),49 Ohio St.3d 21, 24, 550 N.E.2d 178; Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131, 541 N.E.2d 597. When appellate courts apply the abuse of discretion standard, they must not simply substitute their judgment for that of the trial court. See State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732,654 N.E.2d 1254; In re Jane Doe 1 (1991). 57 Ohio St.3d 135,137-138, 566 N.E.2d 1181; Berk v. Matthews (1990),53 Ohio St.3d 161, 169, 559 N.E.2d 1301. Moreover, to establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, and not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, 256, 662 N.E.2d 1; also see Bragg v.Hatfield, Vinton App. No. 02CA567, 2003-Ohio-1441, ¶ 22.
 {¶ 7} In the case sub judice the parties had a marriage of long duration (28 years). That, however, is one of the few factors that weighed in favor of a spousal support award. The trial court determined that the parties' income is "basically equal," and the financial affidavits support this finding.2 Additionally, the evidence revealed no minor children and no diminished standard of living after separation. Further, appellant admitted that during the course of the marriage, appellee helped to put her through school. Although during the hearing appellant did complain of bad health, she produced no medical evidence to establish diminished physical capacity and, to her credit, admitted that her problems are related to the "stress" of the divorce. Based on this evidence, the trial court apparently concluded that spousal support is neither appropriate nor reasonable. We find no error in that conclusion. 2 Appellee's affidavit reflected $1,317.30 in "gross weekly wages" whereas appellant's affidavit reflected $1,151.76 in "gross weekly wages."
 {¶ 8} We also note that the following colloquy between counsel and appellant concerning appellant's desire for spousal support:
"Q. Okay. Is there anything else you can think of, that you need from Bryan, by way of a supplemental source of income, for — for the time being, to help get you by?
A. No. I just think that adultery is something that I should get some kind of a compensation for . . ." (Emphasis added.)
Appellant also referred to her ex-husband's adultery several times during her testimony and this subject is prominently included in her appellate brief. As set forth above, however, spousal support should be awarded when appropriate and reasonable. Generally, spousal support is not a tool to punish marital infidelity. See, Stevens v. Stevens (May 21, 1997), Summit App. No. 18057.
 {¶ 9} For these reasons, we hereby overrule appellant's first assignment of error.
 II {¶ 10} Appellant's second assignment of error appears to assert that the trial court erred by distributing the pension "via QDRO," rather than an immediate cash distribution.
 {¶ 11} At the outset, we note that appellant cites no authority to support her argument. See App.R. 12(A)(2); Meerhoffv. Huntington Mtge Co. (1995), 103 Ohio App.3d 164, 169,658 N.E.2d 1109; Gillard v. Green (Dec. 28, 2001), Washington App. No. 00CA54; Hiles v. Veach (Nov. 20, 1998), Pike App. No. 97CA604. However, in the interests of justice, we will consider appellant's argument.
 {¶ 12} The decision to award a lump sum pension plan distribution, or a pension paid pursuant to a QDRO, rests in the trial court's sound discretion. See Collier v. Collier (Nov. 22, 1991), Lucas App. No. H-90-60; Ammon v. Ammon (Mar. 6, 1989), Clermont App. No. 88-03-023. When exercising that discretion, courts must attempt to preserve the pension so that the parties may procure the most benefit. See Hoyt v. Hoyt
(1990), 53 Ohio St.3d 177, 559 N.E.2d 1292, at paragraph two of the syllabus.
 {¶ 13} Appellee testified that benefits could not be taken from his pension plan until retirement, which is nearly two decades away. He also testified that attempts to remove benefits from the plan before retirement will lead to "tax consequences." Appellant did not rebut this testimony, and although she asserts that she has "legitimate financial needs based on her recent relocation," she was not specific about those needs or how they cannot be met by her current income.
 {¶ 14} All things considered, we conclude that the trial court did not abuse its discretion and we hereby overrule appellant's second assignment of error.
 {¶ 15} Having reviewed all errors assigned and argued in the brief, and finding merit in none, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. McFarland, J.: Concur in Judgment Opinion
[1] Appellant's brief neglects to include a "statement of facts" as App.R. 16(A)(6) requires. Furthermore, appellant advances two assignments of error, but includes only a single argument. App.R. 16(A)(7) requires a separate argument for each assignment of error. The failure to comply with App.R. 12(A)(2) provides authority to disregard the assignments of error. Thus, we could summarily overrule appellant's assignments of error and affirm the trial court's decision. See, e.g., MortgageElectronic Registrations Sys. v. Mullins, 161 Ohio App.3d 12,829 N.E.2d 326, 2005-Ohio-2303, at ¶ 22; Park v. Ambrose
(1993), 85 Ohio App.3d 179, 186, 619 N.E.2d 469. In the interests of justice, however, we will review the merits of the assignments of error.