**LOCKARD, Appellant,**

v.

**LOCKARD, Appellee.**

[Cite as *Lockard v. Lockard,* 175 Ohio App.3d 245, 2008-Ohio-1577.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 07CA6.

Decided March 26, 2008.

Mark T. Musick,[1] for appellant.

Silcott & Shriver, L.L.C., Lori L. Silcott, and Jill H. Shriver, for appellee.

---

1. After the filing of the appellant's brief, Richard Lewis entered his appearance as appellant's counsel.

ABELE, Presiding Judge.

{¶ 1} This is an appeal from a Jackson County Common Pleas Court order that appointed a receiver in the divorce action between Tad Alan Lockard, plaintiff below and appellant herein, and Julie Ann Lockard, defendant below and appellee herein.

{¶ 2} Appellant assigns the following error for review:

The trial court's order establishing a receivership is in error due to the trial court's failure to calculate spousal support, child support, and property division according to law.

{¶ 3} The parties married in 1986. Three children were born as issue of that marriage, but only one child remains unemancipated. Appellant filed the instant action and requested a divorce, an equitable division of property, the residential-parent designation, and child support. Appellee counterclaimed and also requested an equitable division of marital property, together with spousal support, the residential-parent designation, and child support.

{¶ 4} As the trial court aptly noted in an unrelated entry, "hard feelings have emerged between the parties." Those hard feelings have apparently culminated in a continued unwillingness to reach a resolution in this matter. As a result, the case has been pending since July 2006 with a final resolution nowhere in sight.

{¶ 5} On April 26, 2007, appellee requested the appointment of a receiver to take control of marital assets. The basis for her motion is that appellant did not cooperate in providing an itemized list of assets and otherwise needlessly prolonged the proceedings. Appellant opposed the request. The trial court granted the motion on June 22, 2007, appointed a receiver, and ordered the receiver to take control of and sell various assets, including business assets from the "Guns Plus" store that the parties owned. This appeal followed.[2]

---

2. {¶ a} The instant case presents a potential jurisdictional issue. Ohio courts of appeals have appellate jurisdiction over final orders of inferior courts within their district. See Section 3(B)(2), Article IV of the Ohio Constitution. A final, appealable order is one that, inter alia, grants a "provisional remedy." See R.C. 2505.02(B)(4). A "provisional remedy" is a proceeding ancillary to the main action. Id. at (A)(3). If a judgment is not final and appealable, an appellate court has no jurisdiction to review the matter, and the appeal must be dismissed. *Portco, Inc. v. Eye Specialists, Inc.*, 173 Ohio App.3d 108, 2007-Ohio-4403, 877 N.E.2d 709, at ¶ 8; *Mtge. Electronic Registrations Sys. v. Mullins*, 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, at ¶ 17; *Prod. Credit Assn. v. Hedges* (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, fn. 2.

{¶ b} The obvious issue is whether the order to appoint a receiver is a final order, notwithstanding that the divorce case is still pending. We conclude that it is. As appellee correctly notes in her brief, the Ohio Supreme Court opined in *Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825, at ¶ 25–26, that a receivership proceeding is ancillary to a main action. Thus, the order appealed herein falls under the

{¶ 6} Appellant contends that the trial court (1) erred in appointing a receiver and (2) should not have created a receivership without first making an equitable division of property and determining both spousal and child support. After our review of the record, we find no error in the trial court's appointment of the receiver, although we believe that a modification of the provisions of that appointment is required.

{¶ 7} A receiver may be appointed in any action in which receivers have typically been appointed by the usages of equity. R.C. 2735.01(F). Although the statute is somewhat cryptic, the appointment of a receiver in domestic-relations cases is not uncommon. See, e.g., *Parker v. Elsass,* Franklin App. Nos. 01AP–1306, 02AP–15, and 02AP–144, 2002-Ohio-3340, 2002 WL 1380158; *Ratliff v. Ratliff* (Aug. 18, 1998), Franklin App. No. 97APF10–1294, 1998 WL 514039. Additionally, it is not uncommon to appoint receivers to prevent asset dissipation or concealment. See, e.g., *Indus. Credit Co. v. Ken Ray Corp.,* 71 Ohio Law Abs. 257, 127 N.E.2d 33; *Honess v. Ghali* (Aug. 7, 1997), Cuyahoga App. No. 71518, 1997 WL 450031. Generally, a decision to appoint a receiver is vested in a trial court's sound discretion, and that decision will not be reversed absent an abuse of discretion. *Reserve Transp. Servs., Inc. v. Burbach,* Cuyahoga App. Nos. 85874 and 85912, 2005-Ohio-6097, 2005 WL 3074726, at ¶ 34–36; *Victory White Metal Co. v. N.P. Motel Sys., Inc.,* Mahoning App. No. 04MA245, 2005-Ohio-3828, 2005 WL 1791595, at ¶ 15; *Maynard v. Cerny,* Summit App. No. 21652, 2004-Ohio-955, 2004 WL 383995, at ¶ 10. We further note that an abuse of discretion is more than an error of law or judgment; rather, it implies that a trial court's attitude is unreasonable, arbitrary, or unconscionable. *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242. In applying that standard, reviewing courts may not substitute their judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137–138, 566 N.E.2d 1181. To establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance of judgment, not the

broad statutory definition of a "provisional remedy." That does not end our inquiry, however. To be appealable, the order granting a provisional remedy must also determine the action, thus preventing a judgment in favor of the appealing party, and must be such that the appealing party would not have an effective remedy in a future appeal. R.C. 2505.04(B)(4)(a) and (b). Here, the judgment directs the receiver not only to take possession of certain assets, but also to offer them for sale. Thus, if the trial court's decision was improper, the liquidated assets, including the inventory of an ongoing business, could not be recovered in any future appeal after the case is completed. We are therefore of the view that the order satisfies both statutory criteria and is a final order such that we have jurisdiction to review this case.

exercise of reason but, instead, passion or bias. See *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1; *Adams v. Adams*, Washington App. No. 05CA63, 2006-Ohio-2897, 2006 WL 1570297, at ¶ 6.

{¶ 8} After our review of the case sub judice, we find no reversible error concerning the appointment of a receiver. First, appellant cites no authority for the proposition that a receiver can be appointed only after a division of property and the calculation of spousal support and child support. Indeed, if a party is allegedly dissipating or concealing assets during a pending divorce proceeding, that is the time when a receiver should be appointed. In the instant case, we recognize that at this juncture, no evidence has been adduced to establish that appellant has concealed or dissipated assets. Appellee, however, has advanced that claim. Surrendering assets to a receiver will protect their integrity until the court can make a distribution.

{¶ 9} Second, the pleadings in this case suggest that appellant has been less than cooperative in producing the records necessary to determine the existence and the value of marital and separate property. Even if both parties may share blame for this delay, perhaps the appointment of a receiver to take control of assets will move the case more expeditiously.

{¶ 10} Furthermore, we are cognizant of appellee's May 22, 2007 "emergency motion" to enforce temporary spousal support. In her affidavit in support of that motion, appellee asserts that appellant has not paid her temporary spousal support, that she anticipates that her utilities will be turned off, and that she faces eviction. Also, the day before appellee filed her motion, appellant filed a motion seeking relief from spousal support and claiming that he was laid off from work. Assuming that the allegations in both motions are true, it may very well be necessary to sell marital assets to support appellee. Here, we believe that the trial court acted appropriately and within its discretion to appoint a receiver to carry out that task.[3]

{¶ 11} For these reasons, we find no abuse of discretion in the trial court's decision to appoint a receiver. However, we also believe that some of the power and authority delegated to the receiver may be excessive. The trial court

---

3. In the June 22, 2007 order that established a receivership, the trial court opined that it found such an action "necessary," but gave no explanation for the perceived necessity. A hearing was held on this matter 11 days earlier and, although the parties agree that this was not an evidentiary hearing, apparently counsel provided oral arguments. Those arguments may have provided further support for the order, or they may have shed light on its impropriety. However, because a transcript was not prepared, we must assume that the trial court's finding of necessity is correct. See *State v. West*, Auglaize App. No. 2-06-04, 2006-Ohio-5834, 2006 WL 3159354, at ¶ 63; *Craig v. Montgomery Cty. Bd. of Commrs.*, Montgomery App. No. 21056, 2006-Ohio-1132, 2006 WL 574398, at ¶ 13 (in the absence of a transcript, reviewing courts assume that the trial court's factual findings are correct).

instructed the receiver to "take possession and/or title of all motor vehicles, guns, Guns Plus inventory and real estate lots" and further ordered the receiver to sell the assets and hold the proceeds until further order of the court. Although we find nothing amiss with the receiver taking possession of the assets, we have difficulty with the portion of the order that directs that the assets be sold without providing the parties the opportunity to argue that a particular asset may be separate property, or even the property of someone else altogether. Moreover, ordering all of the inventory of "Guns Plus" to be sold may cause irreparable injury to the business and prevents its operation as an ongoing concern.

{¶ 12} Although we sympathize with the trial court's desire to move this case along, we believe that the interests of justice require the court, prior to the sale or distribution of any asset, to properly characterize each asset as either marital property or separate property. See generally *Golick v. Golick* (1983), 9 Ohio App.3d 106, 9 OBR 159, 458 N.E.2d 459.

{¶ 13} Accordingly, based upon the foregoing reasons, we hereby affirm in part and reverse in part the trial court's judgment, and we remand this matter for further proceedings consistent with this opinion. On remand, the trial court should first determine, prior to the sale of any asset, whether an asset is marital property and subject to sale, or whether the asset is separate property and should not be included in the division of marital property.

Judgment affirmed in part
and reversed in part,
and cause remanded.

HARSHA and KLINE, JJ., concur.