OPINION
{¶ 1} Appellant, Michael E. Miller ("Michael"), appeals from the judgment of the Portage County Common Pleas Court, Domestic Relations Division, which granted appellee Kelly A. Miller's ("Kelly"), motion for relief from judgment. We affirm.
 {¶ 2} Kelly and Michael were married on October 17, 1993. Kelly filed for divorce on March 17, 2000. On May 2, 2000, the trial court entered a decree of divorce. Attached to the divorce decree were a separation agreement, shared parenting plan, and companionship shared parenting plan.
 {¶ 3} On February 5, 2001, Kelly filed a motion for relief from judgment pursuant to Civ.R. 60(B). This motion alleged that Michael had fraudulently concealed and misrepresented his true worth and the existence and nature of his assets. Specifically, the motion alleged that Michael had concealed his partial ownership of a brokerage account at Raymond James Financial ("Raymond James"), and that he failed to disclose the date he became fully vested in his pension plan. The motion sought relief under Civ.R. 60(B)(1)-(5). On June 7, 2001, Kelly filed a list of additional property she believed was not divided equitably.
 {¶ 4} The magistrate held a hearing on Kelly's motion and issued a decision on November 16, 2001. The magistrate found that the Raymond James Account was a marital asset and that Kelly was unaware of the existence of the account. The magistrate also found that Michael failed to disclose the date on which his pension plan vested.
 {¶ 5} Michael filed objections to the magistrate's decision. On May 23, 2002, the magistrate filed an amended decision. This decision provides that:
 {¶ 6} "7. * * * the defendant knew of the [Raymond James] account that was not mentioned in the agreement and that the account was not known by the plaintiff. The magistrate further finds that the account is marital property and had to be divided by the divorce action. Finally, the magistrate finds that the defendant perpetrated a fraud upon the plaintiff by concealing the identity and the amount of the Raymond James Account from the plaintiff and as a result the plaintiff was harmed by the concealment of the fraudulent action.
 {¶ 7} "8. The plaintiff is entitled to have the original agreement vacated and modified to include that account.
 {¶ 8} "9. In addition, the 401(K) account date of vesting was concealed from the plaintiff by the defendant and the date picked by the defendant was for the defendant's benefit and, therefore, the account is to be divided as if the account had partially vested and is to be divided accordingly. * * *."
 {¶ 9} Michael filed objections to the amended decision. On December 17, 2002, the trial court overruled Michael's objections to the magistrate's decision and judgment was entered in favor of Kelly on her motion for relief from judgment. Michael appeals raising one assignment of error:
 {¶ 10} "The trial court abused its discretion in granting the motion for relief from judgment filed by the appellee, Kelly A. Miller."
 {¶ 11} In the instant case we consider only the propriety of the trial court's decision to grant the Civ.R. 60(B) motion. We do not consider the merits of the underlying claims as this issue is not properly before the court.
 {¶ 12} We review a decision granting or denying a motion for relief from judgment only for an abuse of discretion. Strack v. Pelton (1994),70 Ohio St.3d 172, 174, citing Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20.
 {¶ 13} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:
 {¶ 14} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 15} Michael first argues that the trial court abused its discretion in granting Kelly's motion because Kelly failed to attach supporting evidence to her motion, i.e., a memorandum or affidavit. We disagree.
 {¶ 16} Civ.R. 60(B) provides:
 {¶ 17} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 18} The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
 {¶ 19} On its face, Civ.R. 60(B) does not require a supporting memorandum or affidavit. In Youssefi v. Youssefi (1991), 81 Ohio App.3d 49, the court stated, "[i]f the material submitted by the movant in support of a motion for relief from judgment contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Id. at 53. However, this simply recognizes the trial court's discretion; it does not preclude the trial court from conducting a hearing where a memorandum or affidavit is not provided. See Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20.
 {¶ 20} Michael next argues that Kelly failed to present evidence to establish that she was entitled to relief. This argument is without merit.
 {¶ 21} Kelly presented evidence that established that the Raymond James account existed at the time of the divorce and that she was unaware of the account. Michael had set up the account with his parent's mailing address. While Michael presented contrary evidence it was for the trier of fact to determine the weight to be given to the evidence. Michael also presented evidence that the account was established by his parents, with their monies and not his. Kelly presented evidence that Michael considered the account to be his own asset. While the parties presented conflicting evidence, we cannot say that the trial court abused its discretion in granting the motion for relief from judgment.
 {¶ 22} Michael next argues that the motion was untimely. Civ.R. 60(B) provides in relevant part, "The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." In the instant case, Kelly filed her motion within one year of the original judgment. Thus, it was timely filed.
 {¶ 23} Finally, Michael argues that Kelly failed to allege a meritorious claim or defense. We disagree. The motion set forth specific allegations relating to the Raymond James account and the vesting of the pension. The motion also alleged that Michael fraudulently concealed and misrepresented this information. Therefore, Kelly's motion sufficiently alleged a meritorious claim or defense as required by Civ.R. 60(B).
 {¶ 24} The trial court did not abuse its discretion in granting Kelly's motion for relief from judgment. Appellant's assignment of error is without merit and the judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
William M. O'Neill and Diane V. Grendell, JJ., concur.