OPINION
{¶ 1} Plaintiff-appellant, David S. Noble, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting the Civ. R. 60(B) motion of defendant-appellee, Michele L. Noble, which sought relief from the parties' Agreed Judgment Entry-Decree of Divorce. Because the trial court did not abuse its discretion in granting defendant's Civ. R. 60(B) motion, we affirm. *Page 2 
 {¶ 2} Plaintiff filed for divorce on June 7, 2006. The parties subsequently entered into a Property Settlement and Separation Agreement ("agreement"), which they acknowledged before the trial court on July 21, 2006; the trial court incorporated the agreement into an Agreed Judgment Entry-Decree of Divorce. The agreement awarded the marital residence to plaintiff but required him to refinance the mortgage by May 1, 2009. It also required defendant, effective August 1, 2006, to pay plaintiff $1,271 per month as spousal support for five years; the trial court did not retain jurisdiction to modify the spousal support order. Although the agreement also addressed child support and custody issues, those matters are not at issue in this appeal.
 {¶ 3} On July 17, 2007, defendant filed a motion for relief from judgment pursuant to Civ. R. 60(B), seeking relief from the spousal support order in the agreement. Her motion and supporting affidavit alleged plaintiff broke into defendant's separate residence and downloaded a program onto defendant's computer that enabled plaintiff to access the electronic mail ("e-mail") correspondence between defendant and her attorney during settlement negotiations. Defendant further alleged plaintiff provided the court with an incomplete disclosure of assets, as he did not reveal that his parents planned to pay off the mortgage on the marital residence once the divorce was finalized.
 {¶ 4} Although the trial court rejected defendant's argument that plaintiff misrepresented his financial situation by failing to disclose his parents' plan to complete payment on the marital residence, the trial court found credible defendant's allegations that plaintiff improperly accessed defendant's e-mail. The court thus concluded defendant demonstrated she had a meritorious claim or defense and met the requirements of *Page 3 
Civ. R. 60(B)(3) based on plaintiff's misconduct. The court further determined defendant's motion was timely, as defendant filed it both within one year of the date the divorce decree was filed and within a reasonable time. With those findings, the trial court granted defendant's motion for relief from judgment.
 {¶ 5} Plaintiff appeals, assigning three errors:
 ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING APPELLEE A HEARING ON HER 60(B) MOTION AS APPELLEE'S MOTION FAILED TO STATE SUFFICIENT OPERATIVE FACTS TO PERMIT A HEARING.
 ASSIGNMENT OF ERROR NO. 2:
 APPELLEE FAILED TO SUFFICIENTLY PLEAD FACTS TO SHOW THAT HER MOTION WAS FILED WITHIN A RESONABLE PERIOD OF TIME.
 ASSIGNMENT OF ERROR NO. 3:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT WHICH JUDGMENT INCORPORATED A PROPERTY SETTLEMENT AND SEPARATION AGREEMENT FREELY ENTERED INTO BY THE PARTIES AT THE TIME OF THEIR DIVORCE.
 A) APPELLEE FAILS TO PROVIDE A MERITORIOUS DEFENSE OF CLAIM TO PRESENT IF RELIEF IS GRANTED.
 B) APPELLEE HAS FAILED TO DEMONSTRATE THAT APPELLANT COMMITTED ANY MISCONDUCT IN OBTAINING THE JUDGMENT.
 C) THE COURT ERRED IN FINDING APPELLEE'S MOTION TIMELY. *Page 4 
The recitation of plaintiff's assignments of error arising out of the trial court's Civ. R. 60(B) ruling varies within plaintiff's appellate brief. Accordingly, for ease of discussion, we address the issues raised in them.
 {¶ 6} In order to prevail on a motion for relief from judgment under Civ. R. 60(B), a movant must demonstrate that (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. Perry v. Gen. Motors Corp. (1996), 113 Ohio App.3d 318, citingGTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146. If Civ. R. 60(B)(1), (2) or (3) are the grounds for relief, the motion must be made within one year after the judgment, order, or proceeding was entered or taken; otherwise, the motion must be made within a reasonable time. Id.
 {¶ 7} The decision to grant or deny a Civ. R. 60(B) motion is left to the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse of discretion. Id. The term abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was arbitrary, unreasonable, or unconscionable.State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs. (1995),72 Ohio St.3d 464. Where a meritorious defense is presented and the motion is timely, doubts regarding whether one of the grounds for relief set forth in Civ. R. 60(B)(1) through (5) exists should be resolved in favor of the motion so that cases can be decided on their merits.GTE, supra. *Page 5 
I. Evidentiary Hearing {¶ 8} Plaintiff initially asserts defendant's Civ. R. 60(B) motion and accompanying affidavit failed to state any material facts demonstrating defendant had a meritorious claim that warranted voiding or invalidating the agreement. As a result, plaintiff urges, the trial court erred in conducting an evidentiary hearing.
 {¶ 9} Preliminarily, we note plaintiff's contention relies upon his parsing defendant's motion to claim that defendant's sole meritorious claim or defense was plaintiff's failure to disclose the mortgage payoff. While, under the heading of meritorious defense or claim, defendant raised only the disclosure issue, elsewhere in her motion defendant set forth the issue of plaintiff's misconduct. As a result, plaintiff's contention that his alleged failure to disclose an asset does not constitute a meritorious claim or defense is inapposite; the trial court granted defendant's motion premised on plaintiff's misconduct regarding defendant's computer, not his failure to disclose.
 {¶ 10} "Generally, the question of whether to conduct an evidentiary hearing on a Civ. R. 60(B) motion is addressed to the sound discretion of the trial court." Korn v. Korn (Dec. 9, 1997), Franklin App. No. 97APF07-880, citing Schafer v. Continental Airlines, Inc. (1989),62 Ohio App.3d 855, 857, and U.A.P. Columbus JV326132 v. Plum (1986),27 Ohio App.3d 293. "However, when a Civ. R. 60(B) motion alleges operative facts that, if true, would justify relief, the trial court abuses its discretion if it denies such a motion without first conducting an evidentiary hearing." Id., citing Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19. To warrant a hearing on the motion, a party seeking relief from judgment is not required to submit evidentiary material so long as the movant sets *Page 6 
forth with sufficient specificity facts that, if true, would justify relief. Waterford Tower Condominium Assn. v. TransAmerica Real EstateGroup, Franklin App. No. 05AP-593, 2006-Ohio-508, citing Your FinancialComm. of Ohio, Inc. v. Emerick (1997), 123 Ohio App.3d 601.
 {¶ 11} Allegations that the nonmoving party engaged in misconduct based on specifically described improper actions constitute sufficient operative facts so that a trial court must hold a hearing on the Civ. R. 60(B) motion. Taylor v. Taylor (Feb. 17, 1993), Montgomery App. No. 13635. Here, defendant incorporated the requisite operative facts into her motion. The motion, with the accompanying affidavit, alleged plaintiff broke into defendant's home and downloaded a program onto her personal computer that enabled plaintiff to access e-mail communications between defendant and her attorney while the parties negotiated the property settlement in their divorce. The trial court thus did not err in holding an evidentiary hearing on defendant's Civ. R. 60(B) motion.
II. Timeliness of Defendant's Motion {¶ 12} Plaintiff next contends defendant failed to demonstrate her motion was filed within a reasonable time after the agreement was filed.
 {¶ 13} At the hearing on the motion, defendant testified that at the end of July 2006, she became suspicious someone was accessing her e-mail. After consulting with her employer's in-house technical support, defendant hired the Geek Squad to examine her computer. A Geek Squad representative looked at the computer on August 8, 2006 and informed defendant that a "keystroke sniffer" program had been installed on it. The *Page 7 
program enables a remote user to determine the passwords for accessing secure features.
 {¶ 14} With that factual predicate, plaintiff argues that defendant concluded he was responsible as soon as defendant learned about the software installed on her computer. She nonetheless waited until July 17, 2007, 11 months later, to file her Civ. R. 60(B) motion. Relying onNovak v. CDT Dev. Corp., Cuyahoga App. No. 83655, 2004-Ohio-2558, plaintiff contends Ohio law requires the moving party to explain any delay before a trial court can conclude a Civ. R. 60(B) motion was timely filed.
 {¶ 15} The trial court granted relief pursuant to Civ. R. 60(B)(3), which provides an outer limit of one year beyond which relief may not be granted. Since defendant's motion was made within that time frame, the question of the motion's timeliness rested within the trial court's discretion. See Clymer v. Clymer (Sept. 10, 1991), Franklin App. No. 91AP-438 (upholding the trial court's decision to grant relief when motion for relief filed 11 months after movant discovered the existence of the grounds for relief); McSweeney v. McSweeney (1996),112 Ohio App.3d 355, 358 (holding trial court acted within its discretion in finding 11-month delay reasonable); Miller v. Miller, Portage App. No. 2003-P-0008, 2003-Ohio-6687. The trial court did not act arbitrarily, unreasonably, or unconscionably in finding the motion timely, especially when plaintiff points to no prejudice he suffered as a result of the delay. The trial court thus did not err in finding defendant's motion to be timely. *Page 8 
III. Jurisdictional Challenge {¶ 16} Plaintiff further argues the trial court lacked jurisdiction over defendant's motion for relief from judgment, as the agreement did not include a provision granting the trial court continuing jurisdiction over spousal support. Plaintiff premises his argument on his belief that defendant, with hindsight, thought the agreement was inequitable and "is merely attempting to use her [Civ. R.]60(B) motion as a mechanism by which to provide the trial court with the jurisdiction to modify and reduce the terms of her spousal support obligation." (Defendant's brief, at 15.)
 {¶ 17} As plaintiff correctly notes, R.C. 3105.18(E)(1) specifies that in order for the trial court to have jurisdiction over the modification or termination of a continuing spousal support order, the divorce decree must contain a provision providing such jurisdiction. No such provision exists in this case. Relief granted pursuant to Civ. R. 60(B), however, differs from modifying or terminating spousal support pursuant to R.C. 3105.18.
 {¶ 18} R.C. 3105.18 allows a court to modify a spousal support order when changed circumstances exist and the court has retained jurisdiction over spousal support. In contrast, Civ. R. 60(B) vacates the award in its entirety if the grounds for relief set forth in the rule are met, even in the absence of changed circumstances or a provision that retains jurisdiction for the trial court to modify the support award. A party seeking relief from a judgment pursuant to Civ. R. 60(B) does not rely upon a court's continuing jurisdiction in domestic relations matters but, rather, upon a court's authority under Civ. R. 60(B) to vacate its own judgment. See Crawford v. Crawford, Portage App. No. 2004-P-0065,2005-Ohio-2360 (rejecting claim that Civ. R. 60[B] relief unavailable when *Page 9 
R.C. 3105.18 requirements not satisfied). Accordingly, the trial court had jurisdiction to hear defendant's motion for relief from judgment.
IV. Burden of Proof {¶ 19} Plaintiff next contends the trial court applied an inappropriate burden of proof in determining whether defendant is entitled to Civ. R. 60(B) relief. "Given the broad sweep of Civ. R. 60(B)(3), `any fraud, misrepresentation, circumvention or other wrongful act of a party in obtaining a judgment so that it is inequitable for him to retain the benefit thereof, constitute [sic.] grounds for relief within the intendment of 60(B)(3).'" Hines v. Hansford (June 23, 1993), Summit App. No. 16030, citing 7 Moore, Federal Practice (1992), ¶ 60.24[5], at 60-211. Generally, the party seeking relief bears the burden of proving such fraud, misrepresentation or misconduct by clear and convincing evidence. See Ratliff-Wooten v. Wooten (Dec. 18, 2000), Meigs App. No. 00CA1, citing Hardman v. Chiaramonte (1987),39 Ohio App.3d 9, 11; Biscardi v. Biscardi (1999), 133 Ohio App.3d 288, 293, citing DiPietro v. DiPietro (1983), 10 Ohio App.3d 44.
 {¶ 20} At the hearing on the matter, the trial judge indicated that "I don't have to find beyond a reasonable doubt; this isn't some criminal case. I just have to find if it's more likely than not." (Tr. 81.) Even if the trial court's statement suggests it employed an arguably improper burden of proof, plaintiff failed to object to it at the hearing when an objection could have addressed the asserted error. Failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal. Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, 121. The plain error rule fails to preserve the issue for plaintiff, as that doctrine is applied in civil cases only "in the *Page 10 
extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process * * * itself." Id., at syllabus; Brown v. Zurich US (2002),150 Ohio App.3d 105, 110. The facts here do not rise to the level of exceptional circumstances where the trial court clearly found defendant's testimony to be credible, even if under an improper burden of proof.
V. Evidentiary Issues {¶ 21} Plaintiff also challenges the evidence the trial court relied upon to find that he engaged in misconduct during the settlement negotiations. Plaintiff contends the trial court violated Evid. R. 408 by admitting his offer to pay defendant's Geek Squad bill and then relying on it as proof of his misconduct. According to plaintiff, his offer to pay the bill was an offer to compromise, not an admission of wrongdoing. He further asserts the trial court considered inadmissible hearsay when it relied on defendant's rendition of the comments the parties' four-year-old son made about plaintiff's actions regarding defendant's computer.
 {¶ 22} The admission or exclusion of evidence is generally within the discretion of the trial court, so long as that discretion is exercised in line with the rules of procedure and evidence. Swearingen v.Swearingen, Franklin App. No. 06AP-698, 2007-Ohio-1241, citing Rigby v.Lake Cty. (1991), 58 Ohio St.3d 269, 271. An appellate court will not reverse a trial court's decision to admit or exclude evidence absent an abuse of discretion. Id., citing State ex rel. Sartini v. Yost,96 Ohio St.3d 37, 2002-Ohio-3317, at ¶ 21. *Page 11 
 {¶ 23} Evid. R. 408 makes inadmissible "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or attempting to compromise a claim which was disputed as to either validity or amount" when such evidence is offered to prove or disprove liability or the amount of damages. See USCA/USA, Inc. v. High TechPackaging, Inc., Wood App. No. WD-05-088, 2006-Ohio-6195, at ¶ 34. If a party offers such evidence for any other purpose, Evid. R. 408 does not bar its introduction. First Bank of Marietta v. L.C. Ltd. (Dec. 28, 1999), Franklin App. No. 99AP-304.
 {¶ 24} At issue here is an e-mail plaintiff sent to defendant on November 29, 2006 in which he agreed to pay for defendant's Geek Squad visit. Defendant testified during cross-examination that plaintiff admitted installing the keystroke sniffer on her computer. In plaintiff's subsequent testimony, plaintiff denied installing the software, but admitted he agreed to pay defendant's Geek Squad bill. Relying on Marszal v. Ameritrust (Oct. 27, 1983), Cuyahoga App. No. 46496, defendant argues that evidence which might otherwise be inadmissible under Evid. R. 408 nonetheless may be admitted for the purpose of witness credibility, impeachment and rebuttal. Here, defendant asserts, the e-mail was offered as an admission and a springboard to cross-examine plaintiff about denying misconduct.
 {¶ 25} While plaintiff on appeal challenges the trial court's ruling in admitting the Geek Squad e-mail, plaintiff did not object to the document's admission in the trial court. As a result, he waived all but plain error. Goldfuss, supra. Admission of the document not only does not rise to the level of plain error under the Goldfuss standard, but actually is *Page 12 
harmless error, if error at all, because the record contains witness testimony, to which plaintiff did not object, confirming the document's content.
 {¶ 26} Similarly, while defendant's testimony regarding the comments of the parties' son may or may not be hearsay depending on the purpose for which the court admitted it, plaintiff only objected the first time the issue arose. After the initial mention of the child's remarks, the issue was the subject of considerable testimony, some that plaintiff initiated. Even if the trial court erred in admitting the testimony over plaintiff's objection, the error was harmless in view of the subsequent testimony to which plaintiff did not object. Moreover, as with plaintiff's e-mail concerning the offer to pay defendant's Geek Squad bill, any error does not rise to the level of plain error under theGoldfuss test.
 {¶ 27} Accordingly, plaintiff's contentions regarding the evidentiary issues are not persuasive.
 {¶ 28} Because none of the issues plaintiff raises has merit, we overrule his three assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
 FRENCH and KLATT, JJ., concur. *Page 1