[Cite as *Ati Performance Prods., Inc. v. Stevens*, 2013-Ohio-1313.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

ATI PERFORMANCE PRODUCTS, INC., 

                                               :

    Plaintiff-Appellee,                          Case No.   12CA6

    vs.                                              :

DEAN STEVENS, AKA GERALD D.       :    DECISION AND JUDGMENT ENTRY
STEVENS,

                                               :

    Defendant-Appellant.

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    Ryan Shepler, Kernen & Shepler, L.L.C., 158 East Main
                                         Street, P.O. Box 388, Logan, Ohio 43138-0388

COUNSEL FOR APPELLEE:    L. Jackson Henniger, 150 North Market Street, Logan,
                                         Ohio 43138

_____

CIVIL CASE FROM HOCKING COUNTY COMMON PLEAS COURT
DATE JOURNALIZED: 3-26-13
ABELE, J.

{¶ 1}   This is an appeal from a Hocking County Common Pleas Court judgment that denied a Civ.R. 60(B) motion for relief from judgment filed by Dean Stevens (aka Gerald D. Stevens), defendant below and appellant herein. Appellant assigns the following error for review:

> "THE TRIAL COURT ERRED IN OVERRULING MR.
> STEVENS' MOTION TO SET ASIDE THE DEFAULT
> JUDGMENT ENTERED IN FAVOR OF THE PLAINTIFF."

{¶ 2}   ATI Performance Products, Inc. (ATI), plaintiff below and appellee herein,

commenced the instant action by filing a complaint that alleged that appellant owed it $16,106.14 on an account. Attached as an exhibit to ATI's complaint is a copy of an invoice, showing the amount allegedly due and owing.   While the record indicates that appellant was served with the complaint on February 1, 2011, he did not enter an appearance.   On May 5, 2011, the trial court awarded a default judgment against him.   On June 8, 2011, the trial court issued a nunc pro tunc entry that repeated the sum of the default judgment and awarded the appellee "statutory interest."

**{¶ 3}**   On December 12, 2011, the trial court issued an "Order for Examination of Judgment Debtor."   Apparently, this event prompted appellant to enter an appearance in the action.   On March 22, 2012, appellant filed a Civ.R. 60(B)(1) motion for relief from judgment and claimed that he was not aware of the action.   Appellant's affidavit, attached as an exhibit to that motion, attests that he was not served with the summons and complaint and did not sign a certified mail receipt returned to the clerk of courts.

**{¶ 4}**   At the April 16, 2012 motion hearing, appellant denied that he signed for service of the complaint.   The trial court, however, overruled the Civ.R. 60(B) motion and opined that "considerable doubt" exists concerning appellant's testimony.   The court ultimately found that appellant was "incredible" (or, presumably, not credible) and denied the request for relief from the default judgment.   This appeal followed.

**{¶ 5}**   In his sole assignment of error, appellant asserts that the trial court erred by denying his motion for relief from default judgment.   We disagree with appellant.

**{¶ 6}**   A Civ.R. 60(B) motion for relief from judgment is generally committed to the trial court's sound discretion and should not be disturbed absent an abuse of that discretion.   *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997); *Griffey v. Rajan*, 33 Ohio

St.3d 75, 77, 514 N.E.2d 1122 (1987).   An abuse of discretion connotes more than an error of law or judgment; rather, it implies that a trial court's attitude is unreasonable, arbitrary or unconscionable. *Landis v. Grange Mut. Ins. Co.*, 82 Ohio St.3d 339, 342, 695 N.E.2d 1140 (1998); *Malone v. Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 448, 659 N.E.2d 1242 (1996). In applying the abuse of discretion standard, appellate courts must not substitute their judgment for that of a trial court.   *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).   Indeed, to establish an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will, but the perversity of will; not the exercise of judgment, but the defiance of judgment; and not the exercise of reason, but, instead, passion or bias. *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996); *Adams v. Adams*, 4th Dist. No. 05CA63, 2006-Ohio-2897, at ¶6.   With these principles in mind, we turn our attention to the merits of appellant's assignment of error.

{¶ 7}   Appellant argues that he did not receive service of process on the complaint.   To that end, the trial court expressly found that the evidence in the case "cast considerable doubt on [his] testimony" and that appellant's testimony was "incredible."   When a trial court judge serves as the trier of fact on a Civ.R. 60(B) motion, appellate courts apply those standards that are typically applied in any other challenge to factual findings in a civil case. See e.g., *Thomas v. Thomas*, 7th Dist. No. 07MA140, 2008-Ohio-6209,   at ¶22; *Miller v. Miller*, 11th Dist. Nos. 2003-P-0008 &   2003-P- 0066, 2003-Ohio-6687, at ¶21.   In other words, the appellate court must determine if some competent and credible evidence supports the judgment. *Bryan-Wollman v. Domonko*, 115 Ohio St.3d 291, 2007-Ohio-4918, 874 N.E.2d 1198, at ¶3;

*State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, at ¶21; *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus (1978). This particular standard of review is highly deferential, and even "some" evidence is sufficient to support a trial court's judgment and prevent a reversal of the judgment. See *Barkley v. Barkley*, 119 Ohio App.3d 155, 159, 694 N.E.2d 989 (4th Dist. 1997); Dyrdek v. Dyrdek, 4th Dist. No. 09CA29, 2010-Ohio-2329, at ¶16. The rationale behind this principle is that the trial court, sitting as the trier of fact, is in the best position to view the witnesses and to observe their demeanor, gestures, and voice inflections, and to use those observations to weigh the evidence and assess witness credibility. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984); *Jones v. Jones*, 4th Dist. No. 07CA25, 2008-Ohio-2476, at ¶18.

{¶ 8} In the case sub judice, the trial court expressly found that appellant's testimony was not credible. We will not second-guess that determination, as we were not present at the hearing to hear and to observe appellant's testimony. In short, we find no error in the trial court's decision to reject appellant's contention that he is not the person who signed the certified mail receipt of service of process. Thus, we find that the trial court did not err by denying the Civ.R. 60(B) motion for relief from judgment.

{¶ 9} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion
For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.