[Cite as *Helms v. Thomas*, 2018-Ohio-1534.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| GEORGE HELMS | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27744 |
| | : | |
| v. | : | Trial Court Case No. 16-CV-3740 |
| | : | |
| LISA THOMAS, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of April, 2018.

. . . . . . . . . . .

EDWARD D. PLATO, Atty. Reg. No. 002294, 30500 Northwestern Highway, Suite 425, Farmington Hills, MI 48334, WILLIAM A. POSEY, Atty. Reg. No. 0021821,   MICHAEL T. CAPPEL, Atty. Reg. No. 0079193, and JOSEPH E. LEHNERT, Atty. Reg. No. 89492, One E. Fourth Street, Suite 1400, Cincinnati, Ohio 45202
        Attorneys for Plaintiff-Appellee George Helms

KENNETH IGNOZZI, Atty. Reg. No. 0055431, 131 N. Ludlow Street, Suite 1400, Dayton, Ohio 45402
        Attorney for Defendant-Appellant Lisa Thomas

JOHN C.SCOTT, Atty. Reg. No. 0029518, and TRACY SCHWETSCHENAU, Atty. Reg. No. 0091578,1 W. Fourth Street, Suite 2050, Cincinnati, Ohio 45202
        Attorneys for Defendant-Appellee R Boulevard Properties, LLC

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Defendant Lisa Thomas appeals the trial court's order appointing a receiver with respect to residential property that is a subject of this action. We find no error with the appointment, so we affirm.

## I. Background

{¶ 2} Thomas and plaintiff George Helms were previously romantically involved. They first met in 2007, when Helms hired Thomas as an escort. According to Thomas, in October 2013, they agreed that Thomas would provide exclusive escort services to Helms in exchange for lifetime financial support. She claims that he agreed to pay her $30,000 a month. During all this, and known to Thomas, Helms was married.

{¶ 3} In October 2013, Helms and Thomas formed an Ohio Limited Liability Company, defendant R Boulevard Properties, LLC of which they are each fifty percent members. They executed an operating agreement, which required a capital contribution by each member. Helms and Thomas purchased the residential property at 9397 Ridings Boulevard in Dayton, Ohio, in the LLC's name. This property is the LLC's only asset. The parties differ on the reason for the LLC and the reason for purchasing the property. Helms claims that the LLC was formed to invest in real estate and that they purchased the property as an investment. But Thomas claims that the LLC was formed to carry out the agreement for exclusive escort services, to conceal the parties' relationship from Helms's wife, and to avoid taxes. She says that the property was purchased for her in exchange for her services. Thomas further claims that Helms gave her the property for her own personal use. Indeed, Thomas currently lives on the property.

{¶ 4} In February 2016, Helms's wife filed for divorce for the second time. The

following month, Helms and Thomas engaged a realtor to sell the property. Also that month, after supporting Thomas financially for nearly three years, Helms allegedly stopped all payments and support. Thomas had moved out of the house and into an apartment in Michigan, but she decided unilaterally to move back into the Dayton house, which interfered with the attempt to sell it. When an offer was made in June 2016 to purchase the property, Thomas refused to accept it.

{¶ 5} In July 2016, Helms filed an action against Thomas asserting the following claims: (1) dissolution of the LLC, (2) injunctive relief, (3) declaratory judgment, (4) breach of fiduciary duty, (5) breach of fiduciary duties, (6) accounting, (7) conversion, and (8) civil theft. Helms claims that he contributed a total sum of $1,709,876.41 to the LLC. He says that Thomas failed to make any contributions. Helms alleges that Thomas has misappropriated, wasted, and/or diverted the assets of the LLC for her personal benefit. He seeks dissolution of the LLC, injunctive relief enjoining Thomas from misappropriating LLC assets, a declaration of the parties' rights and obligations under the operating agreement, an accounting, compensatory damages, punitive damages, attorney fees, and costs. Thomas filed counterclaims against Helms for (1) breach of contract, (2) breach of implied-in-fact contract, (3) promissory estoppel, (4) inter vivos gift, (5) breach of fiduciary duty, and (6) breach of the duty of good faith. She also filed a cross-claim against the LLC for fraudulent and improper organization.

{¶ 6} Helms filed a motion to dismiss Thomas's counterclaims and filed a motion for judicial dissolution and appointment of a liquidating trustee on the grounds that the parties are at an impasse as to the purpose of the LLC. In response, Thomas filed a motion for continuance and/or stay, arguing that dissolution is premature. Thomas then

filed a motion for summary judgment on her counterclaims against Helms and a motion for summary judgment on her claim against the LLC.

{¶ 7} In May 2017, the trial court ruled on the parties' pending motions. The court overruled Helms's motion to dismiss Thomas's counterclaims. But the court concluded that her claim for breach of the duty of good faith was included in her claim for breach of fiduciary duty, so it dismissed the former claim. The court granted Thomas's motion for a stay, staying Helm's motion for dissolution. The court overruled Thomas's motions for summary judgment. The court dismissed Thomas's cross-claim against the LLC, with the agreement of the parties. The court noted that the LLC would remain a nominal party.

{¶ 8} In April, before the trial court's above ruling, the LLC asked the trial court to appoint a receiver under R.C. 1701.91 and R.C. 2735.01 to perform an accounting and to preserve its property during this litigation. The court held an evidentiary hearing in August on the appointment of a receiver at which both Helms and Thomas testified. Both parties admitted that they signed the operating agreement and that the agreement requires unanimous agreement. They both admit that they are deadlocked as to the management of the company: they cannot agree on the purpose of the LLC; the management of its assets, including paying the insurance, maintenance, and property taxes associated with the LLC's sole property; nor even what assets exist.

{¶ 9} The evidence showed that only $187.31 remained in the LLC's bank account. This means that the LLC was unable to pay its bills, including homeowners' insurance and property taxes. Helms testified that he was willing to contribute capital to pay for fifty percent of the insurance, but Thomas refused to make any contribution towards the cost of the insurance. More than $50,000 in property taxes are due, part of which is penalties

and interest. Thomas testified that she has been paying other bills related to the property. But she also testified that she has been using money from the LLC's bank account to pay personal expenses.

{¶ 10} After considering the testimony and exhibits, the complaint, and the parties' affidavits, the trial court ordered the appointment of a receiver. The court found that "the members of R Boulevard LLC are hopelessly deadlocked and that the appointment of a Receiver is warranted to, among other things, preserve the value of the existing assets of R Boulevard LLC." The court ordered the receiver to begin taking steps to pay the LLC's outstanding liabilities, including property taxes, and left open the possibility of selling or leasing the property.

{¶ 11} Thomas appealed.

## II. Analysis

{¶ 12} Thomas's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION IN APPOINTING A RECEIVER TO PRESERVE THE VALUE OF THE EXISTING ASSETS OF R BOULEVARD PROPERTIES, LLC.

{¶ 13} A trial court has authority under R.C. 1701.91 and R.C. 2735.01 to appoint a receiver. Under R.C. 1701.91, "[u]pon the filing of a complaint for judicial dissolution [of a corporation]," the court may "appoint a receiver with such authority and duties as the court from time to time may direct, to take such other proceedings as may be necessary to protect the property or the rights of the complainants or of the persons interested, and to carry on the business of the corporation until a full hearing can be had." R.C. 1701.91(C). And under R.C. 2735.01, the court may appoint a receiver in cases such as

these:

> (1) In an action * * * between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of a party whose right to or interest in the property or fund, or the proceeds of the property or fund, is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured;
>
> * * *
>
> (6) When a corporation, limited liability company, partnership, limited partnership, or other entity has been dissolved, is insolvent, is in imminent danger of insolvency, or has forfeited its corporate, limited liability company, partnership, limited partnership, or other entity rights;
>
> (7) In all other cases in which receivers have been appointed by the usages of equity.

R.C. 2735.01(A). "R.C. 2735.01 is a procedural statute and is to be liberally construed." *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, 850 N.E.2d 1218, ¶ 66 (10th Dist.).

{¶ 14} "The decision to appoint a receiver is within the trial court's sound discretion. * * * Absent an abuse of discretion, an appellate court will not reverse a decision on whether to appoint a receiver." *U.S. Bank, N.A. v. 2900 Presidential Drive, LLC*, 2d Dist. Greene No. 2013 CA 60, 2014-Ohio-1121, ¶ 12.

{¶ 15} Thomas argues that the trial court should not have appointed a receiver over the property for five reasons: (1) the court failed first to determine the rights and interests of the parties in the property, (2) the receivership order is inconsistent with the

court's summary-judgment decision with respect to the parties' interests in the property, (3) there is no clear and convincing need for a receiver, (4) an adequate legal remedy exists to protect the LLC's interests, and (5) Thomas will suffer irreparable harm from the appointment of a receiver.

A. *A preliminary determination of rights and interests was not required.*

{¶ 16} Thomas argues that before appointing a receiver the trial court should have determined the rights and interests of the parties in the property. In essence, Thomas argues that the merits of the parties' claims needed to be decided before a receiver could be appointed. We disagree.

{¶ 17} The law does not require a preliminary determination of parties' rights and interests before appointing a receiver. "The appointment of a receiver is an ancillary proceeding. *Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825, ¶ 26. It is a 'separate procedure[ ] tied to a main action, acting in furtherance of the main action, but with [its] own li[fe].' *Id.*" *U.S. Bank, N.A. v. Courthouse Crossing, Acquisitions, LLC*, 2017-Ohio-9232, __N.E.3d__, ¶ 10 (2d Dist.). The appointment of a receiver "aids the principal proceeding—the underlying litigation—for the receiver conserves the interests of litigants with respect to property that is in the custody of the court during the course of that principal litigation." *State v. Muncie*, 91 Ohio St.3d 440, 449, 746 N.E.2d 1092 (2001). "[A] receiver is necessary to protect the corporation's business and assets while these allegations are sorted out, regardless of the actual merits of either party's claims." *Collins v. Collins*, 8th Dist. Cuyahoga No. 87986, 2007-Ohio-283, ¶ 10, citing *Malloy v. Malloy Color Lab., Inc.*, 63 Ohio App.3d 434, 579 N.E.2d 248 (10th Dist.1989).

{¶ 18} Here, Helms's complaint asks for dissolution of the LLC, and a trial court has the authority to appoint a receiver in corporate dissolution actions, R.C. 1701.91(C). Also, the evidence here shows that the LLC has only $187.31 in cash but owes over $50,000 in property taxes. And a court may appoint a receiver when a limited-liability company "is insolvent [or] is in imminent danger of insolvency." R.C. 2735.01(A)(6). No preliminary determination of the parties' rights and interests is needed.

{¶ 19} Thomas relies on *Westbrook v. Swiatek*, 5th Dist. Delaware Nos. 07 CAE 09 0046, 07 CAE 11 0058, 2008-Ohio-6477, and *Tessler v. Ayer*, 1st Dist. Hamilton Nos. C-940574, C-940632, C-940780, 1995 WL 621316 (Oct. 25, 1995). But neither of these cases supports her contention that the trial court in this case should have made a determination of parties' rights and interests before appointing a receiver. Both cases were decided under what is now R.C. 2735.01(A)(1), a different section of R.C. 2735.01(A) that allows the appointment of a receiver over property that is jointly owned.

B. *The receivership order is not inconsistent with the summary-judgment decision.*

{¶ 20} Thomas next argues that the order appointing the receiver is inconsistent with the trial court's summary-judgment decision. She says that the court did not decide in that decision the rights and interests of the parties but does appear to have decided these issues in the receivership order.

{¶ 21} Thomas claims she is the sole owner of the property by way of contract, implied-in-fact contract, promissory estoppel, or inter vivos gift. The trial court specifically concluded in its summary-judgment decision that genuine issues of fact remain as to each of her claims. The court concluded that "genuine issues of material fact remain as to the nature of the parties' relationship, and therefore, the Court cannot determine the purpose

and, ultimately the validity of the LLC at this time." The court further said that "numerous issues remain to be determined before the Court may properly declare the LLC dissolved pursuant to RC 1705.47. The Court must, first, determine whether the LLC is a valid and enforceable entity."

{¶ 22} The appointment order here does not determine the rights and interests of the parties. As we indicated above, the appointment of a receiver is ancillary to the merits of the parties' claims. The court here appointed the receiver because it believed that a receiver is necessary to protect the LLC's assets while the parties' allegations are sorted out, "regardless of the actual merits of either party's claims," *Collins*, 2007-Ohio-283, at ¶ 10.

C. *There is evidence of the need for a receiver.*

{¶ 23} The trial court here determined that a receiver is needed to, among other things, preserve the value of the existing assets of the LLC. Thomas argues that the evidence does not show that a receiver is needed for this purpose. She says that there is no evidence that the property is being, or will be, wasted or that its value is declining or will decline.

{¶ 24} " 'The appointment of a receiver is the exercise of an extraordinary, drastic and sometimes harsh power which equity possesses and is only to be exercised where the failure to do so would place the petitioning party in danger of suffering irreparable loss or injury.' " *Crawford v. Hawes*, 2d Dist. Montgomery No. 23209, 2010-Ohio-952, ¶ 33, quoting *Hoiles v. Watkins*, 117 Ohio St. 165, 174, 157 N.E. 557 (1927). Accordingly, "[o]wing to the extreme nature of the remedy is the requirement that the movant must demonstrate the need for a receiver by clear and convincing evidence." (Citation omitted.)

*Id. Accord 2115-2121 Ontario Bldg., L.L.C. v. Anter*, 8th Dist. Cuyahoga No. 98627, 2013-Ohio-2995, ¶ 14 ("Because the appointment of a receiver is such an extraordinary remedy, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights."). "[An] order for an interim receiver may be reviewed only for the purposes of determining whether there is evidence tending to prove the facts essential to sustain the order, and a reviewing court may not consider the weight of the evidence. Such order may be reversed only when there is failure of proof which would be essential to support the order * * *." *Malloy*, 63 Ohio App.3d at 436, 579 N.E.2d 248; *Collins* at ¶ 9 (quoting the same).

**{¶ 25}** Helms alleges, among other things, that Thomas breached fiduciary duties and misused LLC assets. And he seeks, among other things, dissolution of the LLC, injunctive relief enjoining Thomas from misappropriating LLC assets, and an accounting. Helms further alleges that Thomas moved into the house without the LLC's consent and refuses to leave. For her part, Thomas alleges that Helms breached fiduciary duties. The evidence shows that the LLC has only $187.31 in its bank account. And Thomas admits that she has been taking money from the LLC's bank account to pay personal expenses. The LLC alleges that there is not enough money to purchase homeowners' insurance for the property. And Helms and Thomas have been unable to agree to additional capital contributions so that the LLC could purchase the insurance. The LLC also does not have enough money to pay over $50,000 of property taxes and penalties due and owing. And Helms and Thomas cannot agree to additional capital contributions to cover these taxes. This raises at least the possibility that the county could foreclose on the property. The

LLC says that the property could be generating income to pay for these expenses. Thomas admits that property taxes remain outstanding but asserts that this debt has no impact on the "structural value" of the property. And she says that the insurance policy on the home has been paid and is current.

{¶ 26} In light of the preceding evidence, we cannot say that the trial court abused its discretion in finding that the LLC met its evidentiary burden. The mutual allegations of Helms and Thomas—the LLC's equal members—support the court's finding of deadlock, "which ma[k]e[s] normal operation of the LLC during the pendency of these proceedings impractical, if not impossible," *Collins* at ¶ 10. Therefore the court reasonably determined that a receiver is needed to preserve the value of the LLC's assets.

D. *The appointment of a receiver is a legal remedy.*

{¶ 27} Thomas argues that appointing a receiver is not necessary because an adequate legal remedy exists to protect the LLC's interests in the form of money damages.

{¶ 28} The trial court's appointment of a receiver here *is* a legal remedy. The court did not appoint the receiver under the equitable catch-all provision in R.C. 2735.01(A)(7), which authorizes a court to appoint a receiver "[i]n all other cases in which receivers have been appointed by the usages of equity." Rather, the trial court appears to have acted (it does not cite a statute in the receivership order) under R.C. 1701.91(C), which allows the appointment of a receiver in corporate dissolution actions, or under R.C. 2735.01(A)(6), which allows appointment when insolvency threatens. With respect to division (A)(1) of R.C. 2735.01, it has been said that "[h]aving an available remedy at law thus does not bar the appointment of a receiver because this pertinent subsection provides a legal

rather than an equitable remedy." *Gemmell v. Anthony*, 2016-Ohio-2686, 51 N.E.3d 663, ¶ 41 (4th Dist.), citing *Victory White Metal Co. v. N.P. Motel Sys., Inc.*, 7th Dist. Mahoning No. 04 MA 245, 2005-Ohio-2706, ¶ 74-75 (distinguishing the general precedent that equitable relief is appropriate only if the movant demonstrates that no adequate remedy at law exists, and holding that having an adequate remedy at law did not bar the appointment of a receiver under R.C. 2735.01(A)(1)). The same is true of R.C. 1701.91(C) and division (A)(6) of R.C. 2735.01.

{¶ 29} We note too that the presence of monetary damages might not constitute an adequate remedy because in the absence of a receiver, there might be no assets or money left for Helms to recover, if he ultimately prevails in the underlying action. The lack of insurance puts the property at risk of complete loss, and the failure to pay the property taxes puts it at risk of foreclosure. These circumstances justify the appointment of a receiver both in law and equity. *Compare Gemmell* at ¶ 41 (noting that "the presence of appellees' underlying monetary action would not constitute an adequate remedy because in the absence of a receiver, there might be no assets or money left for them to recover if they ultimately prevail in the underlying action"), and *Victory White Metal* at ¶ 75 ("The remedy at law through the contract action may only become adequate upon appointment of the receiver. * * * If no receiver is appointed, there may be no remedy left.").

E. *Irreparable harm is uncertain.*

{¶ 30} Thomas lastly argues that she will suffer irreparable harm if a receiver is appointed.

{¶ 31} Section 3(F) of the trial court's order here appointing the receiver relevantly states:

iii. Within thirty (30) days of the date of its appointment, and every ninety (90) days thereafter, the Receiver shall file a report on all income and expenses, all operations, and all other matters of interest, including any liabilities receipts and disbursements under seal with the Clerk of Courts and upon all interested parties herein.

iv. Within ten (10) days of the Receiver's filing, to the extent that expenses exceed income, either Plaintiff Helms or Defendant Thomas may advance funds in accordance with Section 5(D) to cover said deficit. If neither party elects to advance funds, the Receiver shall proceed to the sale of the property in accordance with Section 4.

What this means, says Thomas, is that if the property taxes are not paid, the receiver has the power to sell the property—her home. If she succeeds in proving that she owns the property, money damages may not be adequate to get her home back.

{¶ 32} Thomas's argument ignores the competing claims of Helms to the LLC's assets, as well as the separate interests of the LLC itself, in whose name the property is titled. Also, we note that under Section 3(F)(iv) of the receivership order, quoted above, Thomas could give the receiver enough money to pay the taxes. Section 5(D) provides: "Either Party may, at its sole discretion, advance funds to the Receiver for expenses of the Receivership relating to the Property and this Order. Such advances, if made, shall be returned to that Party, regardless of the outcome of the case, at the interest rate of 3% and shall be entitled to priority upon the sale of the Property or other settlement of R Boulevard LLC's assets." Finally, we note that Section 4(A)(ii) of the order states that "[a]ll sales, and contracts for sale, shall be made subject to approval by the Court."

{¶ 33} It is not certain, then, that Thomas will be irreparably harmed in the way that she claims. Ultimately, the trial court retains the power to stop the sale of the property and prevent the irreparable harm that Thomas fears.

### III. Conclusion

{¶ 34} We cannot say that the trial court abused its discretion by appointing a receiver to manage the subject property. Consequently the sole assignment of error is overruled and the order appointing the receiver is affirmed.

{¶ 35} On March 22, 2018 Helms filed a motion for this court to require Thomas to post a supersedeas bond as a condition of the trial court's grant of stay pending this appeal. In light of our foregoing decision, that motion is moot and overruled.

. . . . . . . . . . . . .

WELBAUM, P. J. and FROELICH, J., concur.

Copies mailed to:

Edward D. Plato
William A. Posey
Michael T. Cappel
Joseph E. Lehnert
Kenneth Ignozzi
John C. Scott
Tracy E. Schwetschenau
Christopher Finney
Julie Gugino
Hon. Gregory F. Singer